## Commonwealth v. Fannasy

*Karl E. Richards,* district attorney, and *E. Leroy Keen,* assistant district attorney, for Commonwealth.

*J. Paul Rupp,* for defendant.

HARGEST, P. J., October 23, 1937.—Defendant was indicted for keeping a gaming house. The information charged that he and others set up a slot machine on the second floor of the building known as 307 Market Street. Promptly after the indictment was found a petition to quash it was filed, on the ground that the warrant was served as shown by the information on April 14, 1937, which was Sunday.

Section 4 of the Act of January 12, 1705, 1 Sm. L. 25, 44 PS §1, provides as follows:

"That no person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in cases of treason, felony, or breach of the peace; but that the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever".

Many cases have construed this statute, which is still in force; and, as said in the case of Commonwealth v. Teamann, 1 Phila. 460:

"It is the duty of courts to uphold the institutions and laws under which our liberties have grown and prospered. Whether these institutions and laws are sufficiently liberal and capacious to meet the requirements of modern advancement, it is not for us to determine. Those who consider them insufficient, should, instead of disregarding them, endeavor to have them amended to suit the exigencies of the times: for us, it is enough that the laws exist, that they have heretofore been regarded as efficient pro-

tectors of public morals and of social happiness, and that our duty calls upon us to enforce them."

This warrant was illegally served and the indictment must be quashed, unless the offense charged is a breach of the peace. These terms have received much judicial construction, and in the case of Commonwealth v. Sherman et al., 14 D. & C. 4, Judge Lewis reviewed the authorities. It is not necessary to quote extensively from his opinion, but it is sufficient to say that the term "breach of the peace" does not include everything that "disorderly conduct" includes. There must be some violation of public order, disturbance of public tranquillity, some act or conduct inciting to violence or tending to provoke or incite others to break the peace.

"Breaches of the peace generally manifest themselves by some outward, visible, audible, or violent demonstration; not from quiet, orderly, and peaceable acts secretly done, though such acts may be mala prohibita": 8 R. C. L. 285, sec. 306.

So it has been held that while the mere carrying about and selling newspapers on Sunday would not amount to a breach of the peace, yet the crying of newspapers in the public streets on Sunday would: Commonwealth v. Teamann, supra. The selling and giving away of liquor without a license on Sunday in one's own house is not a breach of the peace: Commonwealth v. De Puyter, 16 Pa. C. C. 589. In Commonwealth v. Orlick, 28 D. & C. 213, it is held that the passing of a traffic light in a borough by a motorist is not a breach of the peace.

It is therefore clear that the maintaining of a slot machine in a room on the second floor of a building does not come within the definitions, which indicate that one necessary element of the offense is that it must tend to a disturbance of the public tranquillity by some outward, visible, audible, or violent demonstration. The indictment must therefore be quashed.

Now, October 23, 1937, the indictment in this case is hereby quashed.